UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAPTOR TRADING SYSTEMS, INC.,<br><br>         Plaintiff,<br><br>     v.<br><br>BETH, *et al.*,<br><br>         Defendants. | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 9-22-20<br><br>16-CV-3430 (RA)<br><br>ORDER |
| WALLACH, *et al.*,<br><br>         Plaintiffs,<br><br>     v.<br><br>LARDOS, *et al.*,<br><br>         Defendants. | 16-CV-5392 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

  On October 4, 2019, the parties filed cross-motions for summary judgment in these two related actions. Case No. 16-cv-3430 Dkt. 100, 104; Case No. 16-cv-5392 Dkt. 85, 89  That same date, the Raptor Parties[1] filed the declaration of Ethan W. Middlebrooks, to which 31 exhibits were attached. Case No. 16-cv-3430 Dkt. 102; Case No. 16-cv-5392 Dkt. 87. On October 9, the Raptor Parties filed a motion to redact certain information contained in two of the 31 exhibits. Case No. 16-cv-3430 Dkt. 115 (seeking to redact the name of a third-party in Exhibits A and Z of the Middlebrook Declaration); Case No. 16-cv-5392 Dkt. 100 (same). On October 7, Wallach and Beth filed the declaration of

---

[1] The Court uses the phrase "Raptor Parties" to refer to Raptor Trading Systems, Inc., the plaintiffs in Case No. 16-cv-3430, as well as Raptor executives Theodoros Lardos, Mark Hinman, Nelson Ignacio, and Alejandro Gil, the defendants in Case No. 16-cv-5392.

Robert A. O'Hare, Jr., to which 77 exhibits were attached. Case No. 16-cv-3430 Dkt. 114; Case No. 16-cv-5392 Dkt. 99. Three days prior, they had filed a motion to redact certain information contained in numerous of the 77 exhibits. Case No. 16-cv-3430 Dkt. 112 (seeking to redact the name of a third-party, the third-party's counsel, and certain financial information in several Exhibits of the O'Hare Declaration); Case No. 16-cv-5392 Dkt. 97 (same). The parties sent the complete, unredacted exhibits to each other and the Court under separate cover. The Court will now rule on the parties' motions to seal.

        The sealing requests are subject to the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). That test requires the Court to first determine whether the documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014). If the documents are judicial documents, then a common law presumption of access attaches, and the Court must then consider the weight of that presumption against any "competing considerations." *Lugosch*, 435 F.3d at 119–120. The Court considers each of the exhibits at issue here to be judicial documents because they were submitted in connection with the parties' cross motions for summary judgment. *See Aulistar Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (holding that documents submitted in support of a summary judgment motion are judicial documents because summary judgment is an adjudication). Thus, exhibits are entitled to a strong presumption of access.

        The Court nevertheless grants the parties' proposed redactions. The parties seek to redact from these exhibits only "the name of the potential third-party purchaser of Raptor Trading Systems, Inc. and the name of the purchaser's counsel," as well as "information regarding the specific financial terms of the proposed sale." Case No. 16-cv-3430 Dkt. 112; Case No. 16-cv-5392 Dkt. 97. The Court finds that Raptor's business interest in maintaining the confidentiality of the name of a potential third-

party purchaser, as well as the details of the proposed sale, sufficient to rebut the common-law presumption of access. *See Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (permitting sealing of individual contact information of non-party clients of plaintiff).

Accordingly, it is hereby:

ORDERED that the parties' request to redact the proposed portions of the exhibits filed in conjunction with their cross motions for summary judgment is GRANTED. The Court will file under seal the unredacted versions of those documents.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 112 and Dkt. 115 in Case No. 16-cv-3430 and at Dkt. 97 and Dkt. 100 in Case No. 16-cv-5392.

SO ORDERED.

Dated:   September 22, 2020
         New York, New York

_____
RONNIE ABRAMS
United States District Judge